**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JUAN DIEGO LOPEZ MACIAS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-484-J** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Juan Diego Lopez Macias, a noncitizen[1] and Mexican national proceeding *pro se*, filed a Petition for Writ of Habeas Corpus challenging her detention by U.S. Immigration and Customs Enforcement (ICE) under 28 U.S.C. § 2241. (ECF No. 1). United States District Judge Bernard M. Jones II referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondents filed a Response and a Motion to Dismiss or Transfer, followed by Petitoner's response to the motion and Respondents' reply. (ECF Nos. 9-12). Petitioner also filed a Motion to Expedite Consideration. (ECF No. 13). For the reasons set forth below, the undersigned recommends the Petition be **DENIED** as moot because Petitioner is currently subject to mandatory detention.

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. PROCEDURAL BACKGROUND AND PETITIONER'S CLAIM

Petitioner entered the United States on or about November 6, 2022. (ECF No. 1:3). On February 28, 2026, Petitioner was taken into ICE custody and while detained in this jurisdiction, he filed a habeas petition, challenging his detention. (ECF No. 1). Petitioner is currently detained at the Prairieland Detention Center in Alvarado, Texas.[2] In the Petition, Mr. Lopez-Macias argued that he was improperly being detained under 8 U.S.C. § 1225(b)(2) which required mandatory detention and no right to a bond hearing. *See* ECF No. 1:7-12. As relief, Petitioner asked the Court to immediately release him from custody, or order a bond hearing. (ECF No. 1:13). On June 10, 2026, an Immigration Judge granted Petitioner voluntary departure.[3] Neither Petitioner nor the Department of Homeland Security filed an appeal.

## II. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he primary federal habeas corpus statute, 28 U.S.C. § 2241, confers jurisdiction upon the federal courts to hear . . . challenges to the lawfulness of immigration-related detention." *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration

---

[2] *See* https://locator.ice/gov/odls/#/results (last visited Aug. 13, 2026).

[3] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Aug. 13, 2026).

detention are properly brought directly through habeas."). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "Because mootness is a matter of jurisdiction, a court may raise the issue *sua sponte*." *Id.*

## III. LAW REGARDING JUDICIAL REVIEW OF CLAIMS RELATED TO PETITIONER'S DETENTION

Prior to the entry of a removal order, 8 U.S.C. § 1225 and § 1226 govern the detention of aliens. An alien detained under § 1226(a) is entitled to a bond hearing at which he can argue to an immigration judge that he should be released while he awaits removal proceedings because he is not a danger to others or at risk for non-appearance. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

"After the pre-removal period concludes, the statutory authority to detain an alien shifts to 8 U.S.C. § 1231." *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1188 (D. Colo. 2014). Under 8 U.S.C. § 1231(a)(2)(A), a non-citizen is subject to a 90-day removal period, where detention is mandatory. *Id.* at 1189 ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . . During the removal period, the Attorney General shall detain the alien.") (quoting 8 U.S.C. § 1231(a)). This shift from the "pre-removal" period under § 1225 and § 1226 to the "removal" period under § 1231(a) is triggered by the latest of three events:

(i) The date the order of removal becomes administratively final;

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order;

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). A removal order typically becomes administratively final "upon the earlier of": "a determination by the Board of Immigration Appeals affirming such order" or "the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). However, "the decision of the Immigration Judge" may also "become[] final upon waiver of appeal." 8 C.F.R. § 1003.39; *see, e.g., Muradyan v. Warden*, *Otay Mesa Det. Ctr.*, No. 3:26-cv-63-CAB-AHG, 2026 WL 184206, at *2 (S.D. Cal. Jan. 23, 2026) ("Petitioner was ordered removed on September 30, 2025, and because he waived his right to appeal, his order of removal became administratively final the same day.") (citation omitted).

Here, the Immigration Judge granted Petitioner voluntary departure on June 25, 2026. *See supra*. Thus, Petitioner's pre-removal-order period ended 30 days later, July 27, 2026, when the order became administratively final. *See supra*. As a result, Petitioner is presently subject to § 1231(a)(2)(A), which mandates detention without bond for 90 days.

## IV. DISMISSAL OF THE PETITION

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S.

Const. art. III, § 2). "In order to invoke federal-court jurisdiction, a [petitioner] must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (internal quotation marks omitted). This means "an actual controversy must be extant at all stages of review." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997). "If an intervening circumstance deprives the [petitioner] of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp.*, 569 U.S. at 72 (internal quotation marks omitted). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc.* 1000, 567 U.S. 298, 307 (2012) (internal quotation marks omitted).

Based on the foregoing, the Court should find that while this matter was pending, an Immigration Judge granted Petitioner voluntary departure and the order became administratively final 30 days later. That development materially alters the statutory basis for Petitioner's detention. Prior to finality of the order, Petitioner's detention was governed by 8 U.S.C. § 1226. Once the order granting voluntary departure became administratively final, however, his detention became governed by 8 U.S.C. § 1231 during the removal period. *See supra*; *see also Lopez v. Mullin*, No. 1:26-cv-00663-KWR-JMR, 2026 WL 1602614, at *2 (D.N.M. June 4, 2026) (holding that "Petitioner is mandatorily detained pursuant to § 1231" once the time for an appeal had expired following an Immigration Judge's grant of voluntary departure to the petitioner).

Because Petitioner is no longer detained pursuant to § 1226, the Court can no longer grant the relief requested in the Petition. First, Petitioner's request for a bond hearing under 8 U.S.C. § 1226 is moot. Likewise, Petitioner's request for release is not presently cognizable because her detention during the statutory removal period is now governed by § 1231(a), which authorizes mandatory detention. Because the Court cannot now order the § 1226 bond hearing requested in the Petition and because Petitioner's detention is presently governed by a different statutory framework, no live controversy remains regarding the claims asserted in the Petition. Accordingly, the Court should dismiss the Petition as moot.[4]

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** the habeas Petition as moot.[5]

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **August 20, 2026**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

---

[4] If the Court adopts this recommendation, it should terminate ECF Nos. 9 and 13—Respondents' motion to Dismiss and Petitioner's Motion to Expedite—as moot.

[5] Nothing in this Report and Recommendation prevents Petitioner from realleging any claim if he remains detained into the post-removal period in violation of the law.

## VI. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on August 13, 2026.

Shon T. Erwin

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE